IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-556

No. COA22-82

Filed 16 August 2022

Wake County, No. 21 CVS 10088

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC.,
Plaintiff,

v.

MATTHEW BRYAN HEBERT, Defendant.

Appeal by plaintiff from order entered 21 December 2021 by Judge Vince M. Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 May 2022.

*William F. Lipscomb for plaintiff-appellant.*

*Law Offices of James Scott Farrin, by Preston W. Lesley, for defendant-appellee.*

GORE, Judge.

¶ 1 North Carolina Farm Bureau Mutual Insurance Company, Inc. ("plaintiff") appeals from the Order Denying Plaintiff's Motion for Judgment on the Pleadings and Granting Judgment on the Pleadings for Defendant. We affirm.

## I. Background

¶ 2 On 21 October 2020, Matthew Bryan Hebert was a passenger in his 2004 Chevrolet car. Sincere Corbett was driving Mr. Hebert's 2004 Chevrolet east on

highway N.C. 42 in Johnston County, North Carolina. Jamal Direll Hicks, Jr. and Chase Everette Hawley were also passengers in Mr. Hebert's 2004 Chevrolet. Mr. Hebert's 2004 Chevrolet collided with a vehicle owned and operated by William Rayvoin Coats. Mr. Corbett and Mr. Hicks were killed in the collision. Mr. Hebert, Mr. Hawley, and Mr. Coats sustained significant injuries.

¶ 3 Mr. Hebert's vehicle was covered by a personal auto insurance policy issued by plaintiff to Mr. Hebert ("Mr. Hebert's policy"). Mr. Hebert's policy provided bodily injury liability coverage of $50,000 per person / $100,000 per accident, and underinsured motorists ("UIM") coverage of $50,000 per person / $100,000 per accident. Plaintiff tendered the $100,000 per accident limit of the liability coverage for Mr. Hebert's policy to the four claimants. The claimants agreed to divide the $100,000 per accident limit as follows:

| | |
|---|---|
| Matthew Bryan Hebert | $100.00 |
| The Estate of Jamal Direll Hicks, Jr. | $49,500.00 |
| Chase Everette Hawley | $ 49,500.00 |
| William Rayvoin Coats | $ 900.00 |

¶ 4 On 21 October 2020, Mr. Hebert also qualified as an insured of the UIM coverage of a personal auto policy issued by plaintiff to Mr. Hebert's parents, Bryan J. Hebert and Kristie M. Hebert ("the parents' policy"). The parents' policy provides UIM coverage of $100,000 per person / $300,000 per accident and medical payments coverage of $2,000.

¶ 5 On 29 July 2021, plaintiff filed a Complaint for Declaratory Judgment. In its complaint, plaintiff alleged that the UIM coverage of Mr. Hebert's policy does not apply to Mr. Hebert's claim because Mr. Hebert's 2004 Chevrolet is not an underinsured motor vehicle for Mr. Hebert's claim under his policy. Plaintiff also alleged that the "multiple claimant exception" to the definition of underinsured motor vehicle, found in N.C. Gen. Stat. § 20-279.21(b)(4), does not apply to Mr. Hebert's claim under the parents' policy because Mr. Hebert's 2004 Chevrolet was not insured under the liability coverage of the parents' policy. Plaintiff alleged that the amount of UIM coverage available to Mr. Hebert under the parents' policy is $99,900 ($100,000 per person UIM limit minus $100 from Mr. Hebert's liability coverage). Plaintiff sought declaratory relief requesting the trial court enter judgment declaring the only insurance coverage Mr. Hebert is entitled to recover from plaintiff related to the 21 October 2020 collision is the $99,900 UIM coverage from the parents' policy.

¶ 6 On 15 September 2021, Mr. Hebert filed his Answer. Mr. Hebert's Answer alleges that the 2004 Chevrolet is an underinsured motor vehicle as defined by North Carolina's Financial Responsibility Act. Mr. Hebert admitted that the 2004 Chevrolet satisfied the definition of an underinsured motor vehicle under the parents' policy but denied plaintiff's claims that the multiple claimant exception does not apply to his claim.

¶ 7 Plaintiff moved for judgment on the pleadings. On 21 December 2021, the trial

court denied plaintiff's Motion for Judgment on the Pleadings. The trial court concluded that Mr. Hebert's policy does provide UIM coverage for Mr. Hebert's claim and entered Judgment on the Pleadings in favor of Mr. Hebert. Plaintiff filed a timely Notice of Appeal on 28 December 2021.

## II. Discussion

¶ 8 We review *de novo* a trial court's order granting judgment on the pleadings. *CommScope Credit Union v. Butler & Burke, LLP*, 369 N.C. 48, 51, 790 S.E.2d 657, 659 (2016) (citation omitted). In considering a motion for judgment on the pleadings,

> all well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false. As with a motion to dismiss, the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. A Rule 12(c) movant must show that the complaint fails to allege facts sufficient to state a cause of action or admits facts which constitute a complete legal bar to a cause of action.

*Id.* at 51-52, 790 S.E.2d at 659-60 (cleaned up).

¶ 9 On appeal, plaintiff argues that the trial court erred in denying plaintiff's Motion for Judgment on the Pleadings, granting Judgment on the Pleadings for Mr. Hebert, and declaring that Mr. Hebert's policy provides UIM coverage for Mr. Hebert's claim. More specifically, plaintiff argues that the 2004 Amendment to N.C. Gen. Stat. § 20-279.21(b)(4) (commonly referred to as the multiple claimant exception) prevents Mr. Hebert's 2004 Chevrolet from being an underinsured vehicle

for Mr. Hebert's claim under his own policy that insured that vehicle because the UIM limits of Mr. Hebert's policy are not greater than the bodily injury liability limits of his policy.

¶ 10      Section 20-279.21(b)(4) defines an underinsured motor vehicle as follows:

> An "underinsured motor vehicle," as described in subdivision (3) of this subsection, includes an "underinsured highway vehicle," which means a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy.

N.C. Gen. Stat. § 20-279.21(b)(4) (2021). The 2004 Amendment/multiple claimant exception reads as follows:

> For purposes of an underinsured motorist claim asserted by a person injured in an accident where more than one person is injured, a highway vehicle will also be an "underinsured highway vehicle" if the total amount actually paid to that person under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy. Notwithstanding the immediately preceding sentence, a highway vehicle shall not be an "underinsured motor vehicle" for purposes of an underinsured motorist claim under an owner's policy insuring that vehicle unless the owner's policy insuring that vehicle provides underinsured motorist coverage with limits that are greater than that policy's injury liability limits.

N.C. Gen. Stat. § 20-279.21(b)(4). Plaintiff contends that the second sentence of the 2004 Amendment prevents Mr. Hebert's vehicle from being an underinsured motor vehicle for Mr. Hebert's claim under his own policy that insured the 2004 Chevrolet, because the UIM limits of Mr. Hebert's policy are not greater than the bodily injury liability limits of his policy.

¶ 11   Our analysis is guided by the "avowed purpose" of the Financial Responsibility Act, which is:

> to compensate the innocent victims of financially irresponsible motorists. The Act is remedial in nature and is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished. The purpose of the Act, we have said, is best served when every provision of the Act is interpreted to provide the innocent victim with the fullest possible protection.

*Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 573-74, 573 S.E.2d 118, 120 (2002) (cleaned up). In liberally construing the Act, this Court has declined to apply the multiple claimant exception in a way which would reduce compensation to innocent victims and conflict with the avowed purpose of the Act. *Nationwide Affinity Ins. Co. of Am. v. Le Bei*, 259 N.C. App. 626, 634, 816 S.E.2d 251, 257 (2018).

¶ 12   The Financial Responsibility Act permits interpolicy stacking of UIM coverage to calculate the "applicable limits of underinsured motorist coverage for the vehicle involved in the accident." *N.C. Farm Bureau Mut. Ins. Co. v. Bost*, 126 N.C. App. 50-51, 483 S.E.2d 452, 458 (1997). "After stacking, the parties use the stacked amount

to determine if the tortfeasor's vehicle is an underinsured highway vehicle, under N.C. Gen. Stat. § 20-279.21(b)(4)." *Le Bei*, 259 N.C. App. at 630, 816 S.E.2d at 254 (citing *Bost*, 126 N.C. App. at 51, 483 S.E.2d at 458).

¶ 13     This Court has held that the multiple claimant exception is not triggered "simply because there were two injuries in an accident." *Integon Nat'l Ins. Co. v. Maurizzo*, 240 N.C. App. 38, 44, 769 S.E.2d 415, 420 (2015). Instead, the Court limited the exception's applicability to "when the amount paid to an individual claimant is less than the claimant's limits of UIM coverage after liability payments to multiple claimants." *Id.* at 44, 769 S.E.2d at 420-21.

¶ 14     Additionally, in *Le Bei*, this Court interpreted the multiple claimant exception in a manner that would not limit the recovery of innocent occupants of a tortfeasor's vehicle. *See Le Bei*, 259 N.C. App. at 634, 816 S.E.2d at 257. In the case *sub judice*, plaintiff contends *Le Bei* was decided incorrectly.

¶ 15     In *Le Bei*, an individual was driving their vehicle with five passengers in the vehicle. *Id.* at 627, 816 S.E.2d at 252. The driver maintained an insurance policy with liability limits of $50,000 per person / $100,000 per accident and UIM coverage with limits of $50,000 per person / $100,000 per accident. *Id.* at 627, 816 S.E.2d at 253. The driver's reckless driving resulted in an accident with two other vehicles. *Id.* Two of the passengers suffered personal injuries from the accident and the other three passengers died because of their injuries suffered in the accident. *Id.* The plaintiff

insurance company distributed the $100,000 liability insurance between the estates of the deceased passengers and the drivers of the two additional vehicles involved in the accident. *Id.* The plaintiff in *Le Bei* claimed that the passengers were not able to recover the difference between the amounts received under the liability coverage and the per person limits of the UIM coverage due to the multiple claimant exception in N.C. Gen. Stat. § 20-279.21(b)(4). This Court, in following relevant precedent, held that the multiple claimant exception did not apply, and the deceased claimants were entitled to recover UIM coverage from their own policies and UIM coverage from the tortfeasor's policy. *Id.* at 634, 816 S.E.2d at 251.

¶ 16 The case *sub judice* presents a similar factual scenario to *Le Bei*, in that a plaintiff insurance company is arguing that the multiple claimant exception prevents an innocent occupant of a vehicle driven by the tortfeasor from stacking and recovering UIM coverage from multiple insurance policies. In following this Court's precedent, we hold that Mr. Hebert is entitled to stack insurance policies and the multiple claimant exception does not apply to the present case.

¶ 17 Because we hold the multiple claimant exception does not apply, the trial court properly held Mr. Herbert is entitled to recover UIM coverage from his insurance policy and the parents' insurance policy. Accordingly, the trial court properly granted Judgment on the Pleadings in favor of Mr. Hebert and properly denied plaintiff's Motion for Judgment on the Pleadings.

AFFIRMED.

Judge WOOD concurs.

Judge ARROWOOD dissents by separate opinion.

ARROWOOD, Judge, dissenting.

I respectfully dissent from the majority's holding that the multiple claimant exception does not apply. This case concerns defendant's underinsured motorist claim under his own policy, and accordingly I would hold that the multiple claimant exception applies, and that defendant's vehicle does not qualify as an "underinsured motor vehicle" as defined by N.C. Gen. Stat. § 20-279.21(b)(4).

The statute defines an "underinsured motor [or highway] vehicle" in two categories. The first definition includes highway vehicles where "the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy." N.C. Gen. Stat. § 20-279.21(b)(4) (2021). In this case, defendant's insurance policy provided bodily injury liability coverage of $50,000 per person and $100,000 per accident, with equal coverage limits of underinsured motorist coverage. Accordingly, because the sum of liability limits for bodily injury was equal to the applicable limits of underinsured motorist coverage for the vehicle involved and defendant's policy, defendant's vehicle does not qualify as an underinsured motor vehicle under the first definition.

The second definition, also referred to as the multiple claimant exception, provides that, in accidents with more than one person injured, a highway vehicle is underinsured "if the total amount actually paid to the person under all bodily injury

liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy." N.C. Gen. Stat. § 20-279.21(b)(4). However, a vehicle is not included in this definition "unless *the owner's policy* insuring that vehicle provides underinsured motorist coverage with limits that are *greater than that policy's* bodily injury liability limits." *Id.* (emphasis added).

¶ 21        This case concerns defendant's underinsured motorist claim under his own policy. Pursuant to the second sentence of the multiple claimant exception, in an uninsured motorist claim under an owner's policy, the owner's underinsured motorist coverage limits must be "greater than that policy's bodily injury liability limits." Defendant's policy for that vehicle, however, provided underinsured motorist coverage with limits that were equal to that policy's bodily injury liability limits.

¶ 22        Although the majority holds that defendant's vehicle qualifies as an underinsured motor vehicle after inter-policy stacking with his parents' policy limits, I believe the multiple claimant exception applies and that defendant was not entitled to stack insurance policies. The General Assembly contemplated underinsured motorist claims under an owner's policy and specifically confined the limit coverage comparison to the owner's policy. N.C. Gen. Stat. § 20-279.21(b)(4) ("Notwithstanding the immediately preceding sentence, a highway vehicle shall not be an 'underinsured motor vehicle' *for purposes of an underinsured motorist claim under an owner's policy*

*insuring that vehicle* unless *the owner's policy insuring that vehicle* provides underinsured motorist coverage with limits that are greater *than that policy's* injury liability limits." (emphasis added)). Because this case involves an underinsured motorist claim under the owner's policy insuring the vehicle involved in the accident, the statute requires a comparison of coverage limits within that policy.

¶ 23        Additionally, I believe this case is distinguishable from *Nationwide Affinity Ins. Co. of Am. v. Le Bei*, which the majority cites as a "similar factual scenario." In *Le Bei*, several passengers were injured or killed in a multi-vehicle accident and subsequently brought underinsured motorist claims under the tortfeasor's policy. *Nationwide Affinity Ins. Co. of Am. v. Le Bei*, 259 N.C. App. 626, 627, 816 S.E.2d 251, 253 (2018). None of the claimants were the owner of the vehicle, nor were the claims under their own policies. *Id.* at 627, 816 S.E.2d at 252-53. This Court held that the multiple claimant exception did not apply and that the defendants were permitted to recover underinsured motorist coverage under the driver's policy. *Id.* at 634, 816 S.E.2d at 257.

¶ 24        Although this case is similar in that defendant was a passenger at the time of the accident, he was a passenger in his own vehicle and has brought a claim under his own policy for that vehicle, not under the tortfeasor's policy. Because defendant was the owner of the vehicle and brought an underinsured motorist claim under his own policy, I believe the second sentence of the multiple claimant exception applies

and that the trial court was not permitted to stack defendant's policy limits with the limits of his parents' policy. Although inter-policy stacking is generally permitted as part of the statute's "avowed purpose" of compensating "the innocent victims of financially irresponsible motorists[,]" *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 573, 573 S.E.2d 118, 120 (2002) (citation and quotation marks omitted), considering multiple insurance policies in this particular type of claim is impermissible pursuant to the statute. I believe *Le Bei* is factually distinct and not controlling in this case.

¶ 25        Because this case involves an underinsured motorist claim under the owner's policy, the statute, specifically the second sentence of the multiple claimant exception, must be strictly applied here. For the foregoing reasons, I would reverse the trial court's order and I respectfully dissent.